UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BRYAN A. ROWLISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:10-CV-513 JD |
| v. | ) |
| | ) |
| LAGRANGE COUNTY COURTS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Bryan A. Rowlison, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. [DE 1.] Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). In determining whether the complaint states a claim, the Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Rowlison alleges that he is a pretrial detainee being held at the LaGrange County jail. In essence, he asserts that his speedy trial rights are being violated, as he complains that he has been

incarcerated for nine months and his case has not yet gone to trial. Rowlison seeks damages from the judge and prosecutor assigned to his case.

As an initial matter, this court cannot dismiss or otherwise interfere with the state criminal charges pending against Rowlison. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Furthermore, any claim against the state judge for his rulings in Rowlison's case is barred by absolute judicial immunity. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (a judge is entitled to absolute immunity for judicial acts regarding matters within his jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."). Similarly, the prosecutor is entitled to absolute prosecutorial immunity for his actions taken "as an advocate for the State" in Rowlison's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."). Accordingly, these defendants are immune from suit.

Rowlison also lists the "LaGrange County Courts" as a defendant, but this is a building, not a person that can be held liable under Section 1983. It is not clear if Rowlison believes he can hold the "court" liable as the employer of the judge and prosecutor, but aside from the fact that the judge and prosecutor themselves are not liable, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Even if Rowlison could name a proper defendant in connection with this claim who is not immune from suit, his claim would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages in connection with a speedy trial violation, if successful, would be inconsistent with a conviction on the charges pending against Rowlison. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892,

2

898 n.8 (7th Cir. 2001) ( *"*[W]e have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge."); *see also Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996) ("If [a claim for civil damages] could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit."). Accordingly, any such claim cannot be brought unless and until the charges against Rowlison are dismissed or his case is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-7.

For these reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: January 14, 2011

/s/ JON E. DEGUILIO
Judge
United States District Court

3